ST. PAUD, J.
 

 In January, 1926, Clinton Provost became cashier of the Dongstreet State Bank, and the defendant issued to the bank Its fidelity insurance policy for the sum of $10,000 to secure it against any loss that it might sustain through any fraud, dishonesty, forgery, theft, embezzlement,
 
 wrongful abstraction,
 
 misapplication, misappropriation, or any other dishonest or criminal act or omission on the part of said Provost; said policy to expire only on written notice by either party, on retirement of said Provost from said employment, or
 
 “upon discovery of loss through him.”
 

 In May, 1928, the Dongstreet State Bank was taken over by the plaintiff, Provost was retained as branch cashier, and the policy was continued in force and made payable to plaintiff.
 

 On June 9, 1930, defendant issued to plaintiff its new “blanket” fidelity policy, for $20,-000, covering all plaintiff’s employees, including said Provost, and the former policy was canceled as to all
 
 future
 
 acts of said Provost, but continued in force as to any
 
 past
 
 act of his.
 

 This policy covered loss “through any
 
 dishonest
 
 act whatever (italics ours)” on the part of an employee, and was to expire on written notice, or “immediately upon the discovery by the Insured of
 
 a default hereunder
 
 on the part of such employee. (Italics ours.)”
 

 I.
 

 It will here be observed that, while the first policy covered losses occasioned by any
 
 wrongful
 
 act on the part of said Provost, the second covered only such losses as might be occasioned by some
 
 dishonest
 
 act on his part; a difference which is
 
 material,
 
 and was doubtless suggested by the decision of this court in
 
 *1017
 
 Bank of Jeanerette v. Druilhet et al., 149 La. 505, 89 So. 674, handed down October 4, 1921, after the date of the first bond and before that of the second.
 

 II.
 

 That difference, however, has no special bearing on the loss herein sued upon, which was a plain case of embezzlement; but has a very pertinent bearing on what constitutes
 
 “a default"
 
 under the second policy, the discovery of which would terminate said policy.
 

 III.
 

 On August 21, 1930, Provost was found to have taken out of the bank’s cash the sum of §150, for which he had placed in the till his duebill for a like amount. His salary was $150 per month. He had been paid to August 15th; there would be due him $75 on August 31st; the other $75 would not be due him until September 15th. Apparently he had simply drawn his salary for one month in advance; and did not attempt to hide .it. This was
 
 wrongful,
 
 because not authorized, but it was not necessarily
 
 dishonest.
 
 There is ample evidence in the record to that effect, if evidence.be needed. Nor did Act No. 221 of 1916 make it so. That act made it
 
 unlawful
 
 but not
 
 dishonest;
 
 under that act any officer or employee who borrows money from a bank without previous authority from the directors is guilty of a misdemeanor, even though he secure the loan by ten times its amount in securities of the highest standing. He might be punished, but yet one would not call him a thief on that account.
 

 Provost was directed to make the amount good, and did so at once. And no one thought at the time that Provost had been guilty of any dishonest act.
 

 IY.
 

 About December 31, 1930, Provost was asked to resign, and did so. After he left plaintiff’s employ, he was found to have' embezzled $12,545, which he had covered up by forged and fictitious and unauthorized notes. And demand was made on defendant for the amount.
 

 V.
 

 Defendant declines payment on the ground that
 
 all
 
 said notes are dated subsequent to August 21, 1930, and that the policy expired at that date because of plaintiff’s failure to report the $150 cash shortage then discovered.
 

 We are of opinion that the defense is without merit. The policy of June 9, 1930, covered only
 
 dishonest
 
 acts, and there could be no
 
 default
 
 on that policy except by
 
 dishonesty.
 
 And, before denouncing an employee to his bondsman as dishonest, an employer has a right to satisfy himself that the employee is in fact dishonest, and need not do so on mere suspicion. American Surety Co. v. Pauly, 170 U. S. 160, 18 S. Ct. 563, 42 L. Ed. 987.
 

 VI.
 

 We find it unnecessary to determine whether the embezzlement occurred before or after August 21, 1930. Defendant would be liable in either case, but we think the greater part occurred before that date.
 

 VII.
 

 Under the provisions of Act No. 37 of 1921 (Ex. Sess.), the trial judge properly allowed interest at 3 per cent, per month on the claim; but he should have allowed it from March 28, 1931, instead of only from April 30, 1931; plaintiff has asked for an amendment accordingly and the amendment will be allowed.
 

 
 *1019
 
 Decree.
 

 For the reasons assigned, the judgment appealed from is amended by allowing the interest to commence from March 28, 1931, instead of April 30, 1931; and, as thus amended, said judgment is affirmed.